## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY GRANT, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-20-2447 |
| WARDEN, | * | |
| Respondent. | * | |

### MEMORANDUM OPINION

Self-represented Petitioner Corey Grant has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he collaterally attacks his 2016 conviction for home invasion, conspiracy to commit first-degree burglary, and first-degree assault. ECF No. 1. Respondent has filed a limited Answer arguing that the Petition should be dismissed as untimely. ECF No. 3. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Grant was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. ECF No. 6. Grant has responded. ECF No. 8.[1] Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, the Petition will be DISMISSED as time-barred.

### I.     Background

On February 16, 2016, Grant pleaded guilty in the Circuit Court for Frederick County to home invasion, conspiracy to commit first-degree burglary, and first-degree assault. ECF No. 3-

---

[1] Grant also filed two "Amended Petitions." *See* ECF Nos. 4, 9. The first Amended Petition (ECF No. 4) does not alter the allegations of error, but rather expands on Grant's arguments. The second Amended Petition (ECF No. 9) serves as a supplemental response to Respondent's Answer and is considered as such. Grant has also filed a Motion for Status Hearing (ECF No. 10) that, in light of this Memorandum Opinion, is denied.

1, p. 4. On March 29, 2016, he was sentenced to an aggregate sixty-year term of incarceration, with all but twenty-five years suspended. *Id.*, pp. 5–6. Grant did not seek leave to appeal, and as such, his conviction and sentence became final on April 29, 2016, when the time for seeking leave to appeal expired. *See* Md. Rule 8-204(b) (stating that an application for leave to appeal must be filed within thirty days of the entry of the judgment from which the appeal is sought); MD. CODE ANN., CTS. & JUD. PROC. § 12-302(e)(2).

On March 29, 2016, Grant filed, through counsel, a motion for modification of sentence, which was denied on April 7, 2016. ECF No. 3-1, p. 7. Grant then filed a *pro se* motion to correct an illegal sentence on June 12, 2017. *Id.*, p. 8. The motion was denied on June 19, 2017. *Id.*, pp. 11–16, 19. Grant's appeal of that decision, filed on August 2, 2017, was denied as untimely on October 20, 2017 by the Court of Special Appeals of Maryland. *Id.*, p. 23. Grant's petition for a writ of certiorari was denied by the Court of Appeals of Maryland on January 19, 2018. *Id.*, p. 31.

On April 26, 2018, Grant instituted state post-conviction proceedings. *Id.*, p. 8. After a hearing, the Circuit Court for Frederick County denied Grant relief in an opinion and order docketed on September 6, 2019. *Id.*, pp. 35–62. Grant's application for leave to appeal the denial of post-conviction relief, filed on October 22, 2019, was dismissed by the Court of Special Appeals as untimely. *Id.*, pp. 9, 34. Grant's subsequent motion for reconsideration of the denial of the application for leave to appeal was also denied. *Id.*

Grant filed this Petition on August 25, 2020. ECF No. 1. In the Petition, Grant raises the following claims:

1. Plea was not entered knowingly, voluntarily, and intelligently.

    a. Petitioner was never advised of the nature and elements of the offenses to which he pleaded guilty because indictment was defective.
    b. Petitioner believe[s] that the charges he pleaded guilty to could have merged.

2

    c. Petitioner was not accurately informed that the charges of first-degree assault or home invasion were considered crimes of violence prior to Petitioner pleading guilty.

2. Ineffective Assistance of Counsel

    a. Defense counsel failed to inform and provide Petitioner with a third envelope of discovery in defense counsel's possession prior to Petitioner's sentencing.
    b. Defense counsel promised Petitioner that he would be sentenced to four to nine years if he pleaded guilty pursuant to the sentencing guidelines[.]
    c. Defense counsel failed to object to the State dropping or [entering] nolle prosequi [to] the charges against him[.]
    d. Defense counsel failed to object to improper evidence being submitted by the State during Petitioner's sentencing hearing[.]
    e. Defense counsel failed to consult Petitioner about his ability to appeal his sentence.

3. Prosecutorial Misconduct

    a. *Brady* violation by the State for introducing, for the first time[,] Petitioner's criminal record into evidence at Petitioner's sentencing hearing.
    b. A Sixth Amendment Confrontation Clause violation by the State for not allowing Petitioner to confront (witness) co-defendant[.]

4. Court Errors

    a. Petitioner believe[s] that the sentence is grossly disproportionate [and] violate[s] his Eighth Amendment [rights].
    b. Trial judge erred by showing bias toward Petitioner regarding his sentence.
    c. Trial judge erred by sentencing Petitioner to duplicate enhanced sentences.
    d. Trial judge erred by not issuing a PSI [Pre-Sentence Investigation.]

*Id.*, pp. 12–13.

## II. Discussion

### A. Timeliness

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). However, a petition is subject to the following statutory limitations period:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. *See id.* at § 2244(d)(2).

Respondent asserts that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). ECF No. 3. Respondent correctly notes that Grant's conviction became final on April 29, 2016, when the time for filing an application for leave to appeal his guilty plea conviction expired. *See* MD. CODE ANN., CTS. & JUD. PROC. § 12-302(e)(2); Md Rule 8-204(b)(2)(A). As such, Grant's time for filing a federal petition expired on April 29, 2017. *See* 28 U.S.C. § 2244(d)(1)(A). Between the finalizing of Grant's conviction and the expiration of the limitations period, Grant did not have an application for state post-conviction relief or other collateral review pending, which would have served to toll the limitations period.[2] He filed his motion to correct an illegal sentence on June 12,

---

[2] Grant's motion for reconsideration of his sentence, filed pursuant to Md. Rule 4-345(e), was properly filed, but does not change the timeliness analysis because the motion was filed and denied before the judgment of conviction became final. Grant states that he did not learn that motion was denied until December 1, 2016. ECF No. 8, p. 4. Even if the limitations period was somehow tolled until Grant learned of the denial of that motion, his petition here is nevertheless

2017, and his post-conviction proceeding was instituted on April 25, 2018. Neither filing could toll the federal limitations period, as the limitations period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "a state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

### B. Equitable Tolling

The Court notes that under certain circumstances, the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Further, to be entitled to equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation and quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Grant argues that trial counsel should have filed an application for leave to appeal when he filed the motion for modification. ECF No. 8, p. 2. Grant admits that his trial attorney advised

untimely, because Grant did not have any *properly* filed collateral proceedings pending during the relevant time period.

him of his post-trial rights, including his right to file an application for leave to appeal and the

grounds on which he could do so. *Id.*, p. 3; *see also* ECF No. 8-1, pp. 4–5 (excerpt of sentencing

transcript in which Grant's counsel advised him of his right to file an application for leave to

appeal, the grounds for doing so, and counsel's opinion that it is unlikely that the Court of Special

Appeals would grant leave to appeal). Counsel further advised Grant that he would file a motion

for modification on Grant's behalf. ECF No. 8-1, p. 5. Grant opines that it "is the job of the trial

counsel to file the application for leave to appeal without asking," (ECF No. 8, p. 3) and it is "the

responsibility of petitioner['s] trial counsel" to file the appropriate motions and appeals to preserve

his right to file a federal petition, and "Grant cannot be at fault for this mistake" (*id.*, p. 12). Grant

further argues that he "did not know he was suppose[d] to file an application for leave to appeal

after sentencing," or that it was trial counsel's duty to consult with him. *Id.*, pp. 13–14. He

contends that his ignorance of the law constitutes an extraordinary circumstance. *Id.*, p. 14.

Grant's arguments in favor of equitable tolling are unavailing. The record is clear that

Grant was advised of his post-trial right to file an application for leave to appeal, but made no

effort to file the application on his own or through counsel. Even assuming his attorney somehow

erred, attorney error is generally not an "extraordinary circumstance." *See Taliani v. Chrans*, 189

F.3d 597, 598 (7th Cir. 1999) (explaining that a lawyer's miscalculation of limitations period is

not a basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999)

(holding that a lawyer's decision to mail a petition by ordinary mail, instead of expedited delivery,

was not a basis for equitable tolling). "[A] mistake by a party's counsel in interpreting a statute of

limitations does not present the extraordinary circumstance beyond the party's control where

equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209

F.3d at 331.

6

In regard to Grant's additional explanations for the delay in filing this Petition, ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Grant's lack of knowledge cannot be considered "extraordinary," or a factor that is "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330.

Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted), this Court cannot find that Grant acted with reasonable diligence. Grant's conviction became final in 2016, thereby triggering the limitations period, but he delayed filing this federal Petition until 2020, over four years later. Accordingly, the Court concludes that Grant is not entitled to equitable tolling.

## III.    Certificate of Appealability

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773–74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When, as here, a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional

right," and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Grant fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Grant may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV.    Conclusion**

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Dated this __24__ day of __May__, 2021.

FOR THE COURT:

James K. Bredar
Chief Judge

8